FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 12 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
**ROBERT DEREK LURCH, JR.,**

                Plaintiff,

        - against -

**THE CITY OF NEW YORK,** *et al.*,

                Defendants.
------------------------------------------------------------------- X

: **MEMORANDUM DECISION AND ORDER**

: 19-CV-6011 (AMD) (SJB)

**ANN M. DONNELLY,** United States District Judge:

On October 10, 2019, the *pro se* plaintiff brought this action alleging violations of his constitutional rights under 42 U.S.C. § 1983. The plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, the plaintiff's claims against the City of New York, New York City Health + Hospitals, Treating Physician, Corner Store Owner, Younus Ahmed, Fadhle Alsula, and two John Doe officers are dismissed. The plaintiff's claim against defendant John Doe Officer M may proceed.

## BACKGROUND

In his complaint, the plaintiff describes an alleged physical altercation at a bodega in Brooklyn, New York, beginning late on August 16, 2019 and continuing into the early hours of August 17, 2019. (ECF No. 4 at 7.) According to the plaintiff, he was using the bodega's phone to "call [a] female" when the store employees suddenly yelled at him to leave and threatened him with bats and sticks. (*Id.*) The employees hit the plaintiff on the head with a bat, and two police officers arrived on scene. (*Id.*) They asked the plaintiff if he wanted to press charges, and he said no. (*Id.* at 8.) The plaintiff left the store and met with a female companion. (*Id.*) The plaintiff realized that he left his bag and wallet at the bodega. (*Id.*) When he returned to the store, the plaintiff claims that the employees attacked him again. (*Id.* at 8-9.)

1

He left the store, "drenched with blood," and two police officers arrested him. (*Id.* at 9.) His female companion claimed that the plaintiff "verbally threatened her" (*id.* at 12), and the plaintiff claims that the officers "allowed the female . . . to assault [him] while" he was handcuffed. (*Id.* at 9.) Another officer who "rode with [the plaintiff] to the hospital in the ambulance slammed [his] face on a bench." (*Id.*) At the hospital, a doctor "stitched and glued up" the plaintiff, and then "released [him] to police custody without [providing the plaintiff] pain medication." (*Id.*) The plaintiff seeks money damages. (*Id.* at 16.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A *pro se* complaint must be held to "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

DISCUSSION

Liberally construing the complaint, the plaintiff alleges violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of a federally protected right by persons acting under the color of state law. 42 U.S.C. § 1983. The challenged conduct must (a) be attributable at least in part to action under the color of state law, and (b) deprive the plaintiff of a right guaranteed under the Constitution of the United States. *Ostroski v. Town of Southhold*, 443 F.Supp.2d 325, 335 (E.D.N.Y. 2006) (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). A Section 1983 claim "must be predicated on state action and state actors." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005). "The under-color-of-state-law element . . . excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks and citations omitted).

I. **Store Owner and Employees**

The plaintiff has not alleged that the defendant store owner or store employees, Younus Ahmed and Fadhle Alsula, are state actors, acted under color of state law, or conspired with state actors to violate the plaintiff's rights. *See Vazquez v. Combs*, No. 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation."). Accordingly, all claims against these private individuals are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Liberally construing the complaint, the plaintiff also asserts claims of assault and battery against the store owner and employees. Because these claims do not arise out of the same case or controversy that survives this decision—a police officer's alleged use of excessive force during an ambulance ride—I decline to exercise supplemental jurisdiction. *Cf. Oladokun v. Ryan*, No. 06-CV-2330, 2011 WL

3

## II. NYC Health + Hospitals and the City of New York

A municipal defendant can only be held liable under Section 1983 if there is "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom in a number of ways; he can show a formal policy officially endorsed by the municipality, actions or decisions made by municipal officials with decision-making authority, a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware, or a failure by policymakers to properly train or supervise their subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13-14 (2d Cir. 2015) (citing *Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012)).

The plaintiff brings his claim against two municipal defendants, the City of New York and New York City Health + Hospitals. However, he does not allege that his injuries were caused by a custom or policy by either of these municipal defendants. Accordingly, all claims against New York City Health + Hospitals and the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. John Doe Officers Who Failed to Investigate the "Female's" Complaint

The plaintiff also names two John Doe police officers as defendants and alleges that "[t]he officers on scene failed to investigate [his female companion's] complaint and this female became hostile towards the plaintiff and the officers." (ECF No. 4 at 12.) Police officers have discretion to conduct investigations and initiate arrests, and are charged with acting for the

---

4471882, at *11 (S.D.N.Y. Sept. 27, 2011) (explaining that § 1367 "confers mandatory supplemental jurisdiction over state law claims that 'form part of the same case or controversy' as claims over which the district courts have original jurisdiction" (quoting 28 U.S.C. § 1367)).

4

benefit of the public, not private citizens. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law."). Thus, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.*, No. 14-CV-1749, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Accordingly, the plaintiff's claims against these two police offers are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Treating Physician

The plaintiff also alleges that he "was ... stitched and glued up by a doctor due to the injuries [he] sustained and released to police custody without receiving any pain medication." (ECF No. 4 at 9.) This allegation does not rise to the level of a constitutional violation. Accordingly, the claim is dismissed.

## V. Surviving Claim

The plaintiff claims that John Doe Officer M, a police officer acting under color of state law, slammed the plaintiff's head into a bench during an ambulance ride while the plaintiff was handcuffed. The plaintiff's claim against John Doe Officer M may proceed.

## CONCLUSION

The plaintiff's complaint is dismissed except for the plaintiff's claims against John Doe Officer M. The Clerk of Court is directed to amend the caption to reflect the dismissal of the City of New York, New York City Health + Hospitals, the treating physician, the corner store

5

owner, corner store employees Younus Ahmed and Fadhle Alsula, and the two other John Doe officers. No summons will be issued to these defendants.

The Court requests that Corporation Counsel ascertain the full name and service address of John Doe Office M who allegedly used excessive force against the plaintiff during an ambulance ride to Kings County Hospital on August 16, 2019 or August 17, 2019. *See Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam). Corporation Counsel need not undertake the defense or indemnification of the individual at this time. The order merely provides a means by which the plaintiff may name and serve the defendant. The plaintiff should provide the Court with this information, by letter, by January 20, 2020. Once the information is provided, the plaintiff's complaint will be deemed amended to reflect the full name and service address of the remaining defendant and a summons will be issued.

The Clerk of Court is respectfully directed to send a copy of this order to the Corporation Counsel for the City of New York, Special Federal Litigation Division, as well as to the plaintiff at the alternate address he provided in his complaint: P.O. Box 540807, Bronx, New York 10454. The Clerk of Court is also directed to update the docket to include this alternate address for Plaintiff. The case is referred to Magistrate Judge Sanket J. Bulsara for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　s/Ann M. Donnelly
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Ann M. Donnelly
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: Brooklyn, New York
　　　　December 11, 2019