UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT DEREK LURCH, JR., a/k/a ROBERT
LURCH,

                      Plaintiff,                          **REPORT & RECOMMENDATION**
                                                                                    19-CV-6011-DG-SJB

      *v.*

POLICE OFFICER KEVIN MENENDEZ,

                      Defendant.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Counsel for Defendant has filed a motion seeking to dismiss this action brought by Pro Se Plaintiff Robert Derek Lurch, Jr. for failure to prosecute. (Letter dated Aug. 18, 2021, Dkt. No. 54). The motion has been referred for a report and recommendation by the Honorable Diane Gujarati. (Order Referring Mot. dated Nov. 22, 2021). Because the motion is premature and lacks merit, the Court respectfully recommends that it be denied.

      This Court held a telephonic status conference on July 15, 2021, at which Plaintiff appeared. At that conference, the Court set a deadline for the close of discovery as January 14, 2022. (Min. Entry and Order dated July 15, 2021). A little more than a month after the conference, Defendant filed the present motion. (Letter dated Aug. 18, 2021, Dkt. No. 54). Then in October, Defendant refiled the motion. (Letter dated Oct. 14, 2021, Dkt. No. 55).

      Defendant seems quite eager to dismiss the case. This is perhaps a result of the inability to obtain discovery from Plaintiff in a timely fashion. But the serious sanction of dismissal is not so easily accomplished.

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with . . . court order[s], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo v. Panarium Kissena Inc.*, 2019 WL 360099, at *2 (E.D.N.Y. Jan. 11, 2019) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). In addition, "the court must make a finding of 'willfulness, bad faith, or reasonably serious fault' . . . before dismissing the case." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)) (per curiam).

None of these factors favor dismissal.

The duration of the non-compliance—the first factor—requires examination of the threshold question: what is the order that Plaintiff has failed to comply with? On July 15, 2021, the Court ordered Plaintiff to update his address so that the Court may send mailings to him (and so Defendant could also serve discovery). (Min. Entry and Order dated July 15, 2021). The supposed failure to comply with this order is the basis of the present motion. On November 17, 2021, the Court attempted to hold a status conference with the parties. Only counsel for Defendant appeared, and she informed the Court that she understood—from a filing made by Plaintiff in the Southern District of New York—that he was incarcerated. (*See* Min. Entry and Order dated Dec. 1, 2021). Plaintiff had informed the Court on November 11, 2021 via letter that he was now incarcerated, though the letter was not docketed until November 18. (Letter dated Nov.

2

11, 2021, Dkt. No. 56 at 2). The letter provided his new address. And in a letter dated November 30, 2021, Plaintiff informed the Court that he could not attend the status conference because the jail where he is incarcerated refused to give him telephone access to do so. (Letter dated Nov. 30, 2021, Dkt. No. 57). Plaintiff has, therefore, complied with the Court order; he may have done so belatedly, but he has done so. And the delay is excusable, at least in part, due to his incarceration. In the absence of any actual non-compliance, this factor cannot weigh in favor of dismissal. *See, e.g.*, *Jefferson v. Koenig*, No. 15-CV-544, 2017 WL 9485718, at *4 (E.D.N.Y. Feb. 10, 2017), *report and recommendation adopted*, Mem. and Order, Dkt. No. 27 (Mar. 7, 2017). The delay in complying may affect, however, prejudice to Defendant, a factor that is addressed below.

      The second factor—notice to Plaintiff that noncompliance would lead to dismissal—also runs against Defendant. To be sure, on prior occasions, the Court notified Plaintiff that failure to comply with Court orders may result in sanctions, including dismissal. But these warnings were issued on May 17, 2021, and June 10, 2021, informing Plaintiff that failure to attend the next hearing could lead to dismissal. (*See* Order dated May 17, 2021; Order dated June 10, 2021). Plaintiff, did in fact, attend the next hearing, held on July 15, 2021. (*See* Min. Entry and Order dated July 15, 2021). The Court's order directing Plaintiff to provide an updated address contained no warning that a failure to comply could lead to dismissal. Nor did the Court provide a warning of possible dismissal at the July 15 hearing, contrary to Defendant's suggestion. (Audio Recording of July 15, 2021 Status Conference, *Lurch v. City of New York* (No. 19-cv-6011) (on file with the Court)). Without such a warning—indeed multiple such warnings—a court may not dismiss for failure to prosecute. *Martens v. Thomann*, 273

3

F.3d 159, 181 (2d Cir. 2001) (holding this factor disfavored dismissal because the court "did not give the individual plaintiffs express notice that further delays would result in dismissal," only "notice that their claims could be dismissed"); *Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 292 (E.D.N.Y. 2014) (denying dismissal where plaintiff had "never been put on notice that failure to comply with a particular order or failure to conduct discovery in a particular manner would result in dismissal").

The third factor—prejudice—weighs against dismissal. Discovery in this case does not close until January 2022, and while Defendant is quick to move for dismissal, he has difficulty articulating non-conclusory reasons for why there is prejudice. *See, e.g.*, *Baptiste*, 768 F.3d at 218 ("[D]efendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to Baptiste's delay. Both argue that, in the words of the federal defendants, the delay has 'increased the likelihood that evidence in support of . . . [their] defenses may be unavailable,' but do not identify specific pieces of evidence that they have reason to believe have disappeared, nor do they specify which of their defenses might be compromised. Nothing in the record suggests any such prejudice.") (second alteration in original). To be sure, Defendant is entitled to serve discovery requests and receive reasonable responses without unreasonable delay. Those considerations, however, must be weighed against the pro se status of Plaintiff. *E.g.*, *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d Cir. 2014) ("'*[P]ro se* plaintiffs should be granted special leniency regarding procedural matters,' and their claims should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'") (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). And here, Plaintiff has indicated that due to his incarceration, he has been unable to access a law library and other resources to effectually prosecute his case. With

his new address, Defendant can now serve discovery, and Plaintiff will be expected to respond in a timely fashion. *See, e.g.*, *Baptiste*, 768 F.3d at 217–18 ("[A]lthough Baptiste's delay of almost two years in amending his complaint was excessive, the delay appears to have resulted from his illness and pro se status. After he obtained counsel, Baptiste complied with each of the court's demands in a timely fashion. The dramatic shift from incommunicado to responsive, attendant on a chronically ill pro se litigant's retention of counsel, supports Baptiste's claim that his failure to act while representing himself was the product of his own incapacities, and assuages any concern about future delays.").

The final two factors cannot lead to dismissal when none of the other factors favor dismissal. The Court is mindful of the need to manage its docket, but there is a discovery schedule in the case. And "before a litigant's right to be heard is subrogated to the convenience of the court[,]" there must be "compelling evidence of an extreme effect on court congestion." *Lucas v. Miles*, 84 F.3d 532, 535–36 (2d Cir. 1996). This is not such a case. Discovery schedule extensions (or the lack thereof) would be more appropriate means to limit prejudice to Defendant, while also permitting a pro se incarcerated litigant to pursue his claims. *Baptiste*, 768 F.3d at 219 ("[T]he district court has the means to move this case forward efficiently without the cudgel of extreme sanctions. The court has the power to set and enforce reasonable deadlines for discovery and motion practice.").

For the reasons stated above, it is respectfully recommended that Defendant's motion to dismiss for failure to prosecute be denied. Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to

5

appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.") (quotations omitted).

SO ORDERED.

*/s/ Sanket J. Bulsara* 12/9/2021
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York