```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT DEREK LURCH, JR.,

                        Plaintiff,              ORDER
                                                19-CV-6011-DG-SJB
        -against-

P.O. KEVIN MENENDEZ, P.O. DAVID SMITH, P.O.
MIKOLA MAHARSKYY, P.O. VINCENT PIRA, P.O.
XAVIER GALLOZA, P.O. JONATHAN MCGIBBON,
P.O. KARL HANISCH, and SERGEANT TREYMANE
CRAIGG,

                        Defendants.
-----------------------------------------------------------------X
```
**BULSARA, United States Magistrate Judge:**

Plaintiff Robert Derek Lurch, Jr. ("Lurch") has filed a motion to compel the New York City Police Department ("NYPD") to provide a Rule 30(b)(6) witness on a number of topics. (Mot. to Compel dated July 28, 2023 ("Mot. to Compel"), Dkt. No. 152). The motion is granted in part and denied in part. Defendants' initial argument, which they make in passing, that the NYPD is not a party to the case and therefore not subject to such a deposition notice, (Resp. in Opp'n dated Aug. 11, 2023 ("Opp'n"), Dkt. No. 153 at 2), is without merit. Though the NYPD is not a defendant in the case, the New York City Law Department has filed the present letter on its behalf, and makes the same arguments that the NYPD could make in response to a Rule 45 subpoena served upon it. And it is clear that a 30(b)(6) deposition can be served on a nonparty. Fed. R. Civ. P. 30(b)(6) (referring to requirements for "nonparty organization"). As such, forcing Lurch to engage in Rule 45 subpoena practice is not required (and would create unnecessary discovery delay).

As for the four deposition topics, Defendants are right that the first two topics—which generally deal with the arrest practices and policies of the NYPD—are out of bounds, (Opp'n at 3–4), and the Court declines to compel a witness to testify about these topics. The question is closer than either party acknowledges. There is no false arrest claim in the case. That absence makes it impossible to obtain *Monell* liability for violation of policies and procedures. And while policies and procedures are relevant to determine the validity of an Individual Defendant's conduct, without a false arrest allegation on which to premise individual liability, the discovery sought is not rooted in any claim or defense in the case. And the mere fact that Defendants' conduct in making the arrest of Plaintiff was problematic—and therefore serves value as impeachment evidence—is insufficient to justify the discovery.

As to the second set of topics—Topics 3 and 4—Plaintiff has the better of the argument only as to Topic 4. Although Topic 3 is framed around the "preservation of evidence," and ostensibly video surveillance, Plaintiff's papers suggest it is an attempt to discover why specific surveillance footage of the Plaintiff's arrest (taken allegedly by a third party) is not in the NYPD's possession. (Mot. to Compel at 3 & n.2). Plaintiff may question the Individual Defendants about the whereabouts of this footage. Plaintiff fails to explain why the NYPD's policies regarding such evidence is pertinent to his claim of excessive force. Moreover, the breadth of the topic—and the attendant burden of producing a witness on the topic—is quite expansive: covering all preservation of evidence policies (including, but not limited to, surveillance footage) in all manner of cases. To the extent that Plaintiff is arguing that Defendants misplaced or failed to preserve surveillance footage of Plaintiff's arrest, they have failed to provide an

explanation for why the 30(b)(1) testimony would not be sufficient—and why resort to NYPD policy would add anything—and would justify such a broad inquiry.

With respect to the fourth topic, Defendants' only argument is that they have already produced documents on the topic, and Plaintiffs have received enough. (Opp'n at 5). But Defendants cannot unilaterally determine when their discovery production is sufficient; they have not established that the deposition testimony would be duplicative. Indeed, having produced documents bearing on the topic, Defendants' position amounts to precluding depositions that would provide context and meaning of these documents, and explanation of how the policies are to be implemented by officers. Unlike with the other topics, there is ample justification for this discovery. Plaintiff has alleged that his arrest was consummated with unconstitutional excessive force, (Second Am. Compl. filed Feb. 8, 2022, Dkt. No. 69 at 4–5); yet, the body cam footage in this case of the many officers at the scene contains no coverage of the events preceding Plaintiff's arrest. Defendants' explanation—at the 30(b)(1) depositions—for their absence, which implicates their credibility regarding the events at issue (and potentially evidence preservation), may be tested by Plaintiff through examination of whether their conduct, in turning on the cameras, was consistent with NYPD policy. Defendants also offer no legal authority for their position on Topic 4. Given the central importance of the body cam footage (and its absence) to the case, Plaintiff is entitled to a 30(b)(6) deposition on this topic, but not on the others. The deposition should be completed by the existing discovery deadlines.[1]

---

[1] Neither party raises this issue, but the Court notes that Rule 30(b)(6) requires that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R.

3

                SO ORDERED.

                /s/ *Sanket J. Bulsara*  August 22, 2023
                SANKET J. BULSARA
                United States Magistrate Judge

Brooklyn, New York

---

Civ. P. 30(b)(6). This obligation exists independent and apart from any meet-and-confer required for a motion to compel. It is not clear that the required Rule 30(b)(6) conferral took place after the second revised deposition notice was served by Plaintiff's counsel. In addition, the Rule provides that that "[a] subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify." *Id.* Perhaps this notification was in some other document, but the notice provided to the Court lacks the required information.