UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT DEREK LURCH, JR.,

                              Plaintiff,                              **ORDER**
      -against-                                                                19-CV-06011-DG-SJB

POLICE OFFICER KEVIN MENENDEZ,

                              Defendant.
------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

    *Pro se* plaintiff has filed a number of motions on the docket.  (Dkt. Nos. 176, 177).  Though labeled as motions for reconsideration, for a hearing, and for default judgment, they are in substance a request that the Court enter judgment in his favor and against the defendants.  There is no basis for any such relief.  Plaintiff may prove his case at trial, and should the factfinder enter judgment in his favor, then he would prevail.  Short of that, he is not entitled to judgment as a matter of law, either through default or otherwise.  Defendants have appeared in the case, are actively litigating, and are contesting the allegations against them.  Even if Plaintiff has the better of the argument on the merits, that is for the factfinder to determine, and not to be resolved via default judgment.  The motions docketed at Nos. 176 and 177 are denied.

    Separately, Lurch has filed motions seeking reinstatement of his prior complaint, the Second Amended Complaint.  (Dkt. Nos. 173, 174).  Lurch's decision to file a Third Amended Complaint—which had the effect of removing several Defendants from the case and narrowing his allegations—was made by his counsel.  Under "our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent."  *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962)).  That being said, the short interval between

the time the Third Amended Complaint was filed (on December 22, 2023) and his counsel moving to withdraw (January 26, 2024) because of a breakdown in the attorney-client relationship counsels in favor of permitting Lurch to move forward against the parties he initially intended to, and did, sue.  This in no way impugns counsel's high quality and able representation of Lurch, which was conducted pro bono.  But the effect of the Third Amended Complaint was, by dint of its dismissal of parties, a settlement, and "[i]t is for the client alone to make the decision to settle or dismiss a case." *Hardy v. New DN Co.*, No. 95-CV-5818, 1997 WL 666212, at *3 (S.D.N.Y. Oct. 24, 1997); *see In re Fuschi*, No. 22-2610, 2023 WL 6532953, at *1 (2d Cir. Oct. 6, 2023) ("[U]nlike many other acts that an attorney undertakes on a client's behalf, the decision to settle or otherwise dismiss claims rests with the client and is not automatically bestowed on retained counsel[.]" (quoting *Gomez*, 805 F.3d at 424)).

      Lurch's submissions suggest that—at least from his perspective—he did not consent to dismissing these Defendants. (*See* Mot. to Reinstate Compl. dated Jan. 22, 2024, Dkt. No. 173 at 1).  And indeed, he filed his motion for reinstatement shortly after he discharged his counsel and counsel moved to withdraw.  Defendants complain that reinstatement of the Second Amended Complaint causes prejudice to them because they believed they were out of the lawsuit.  (Resp. in Opp'n dated Feb. 8, 2024, Dkt. No. 179 at 1–2).  But they were dismissed without prejudice—since the superseding complaint only dropped them from the case and did not opine on the merits—leaving the possibility that they could be sued in the future.  In any event, the prejudice to them is minimal to non-existent: discovery is closed and will not be reopened, and discovery was taken pursuant to the Second Amended Complaint (when these Defendants were still in the case).  Or, said differently, the Second Amended Complaint was the operative

pleading until recently, and no significant litigation events have taken place in the time since the Third Amended Complaint was filed. Any arguments that Defendants wish to make for their dismissal have been preserved and can be asserted in summary judgment practice. In light of all of these facts, the Court grants the motion for reinstatement and reinstates the Second Amended Complaint as the operative pleading. The Clerk of Court is directed to strike the Third Amended Complaint. (Dkt. No. 168). The parties have until **September 9, 2024** to take the first step in dispositive motion practice consistent with Judge Gujarati's Individual Practices.

SO ORDERED.

*/s/ Sanket J. Bulsara*  July 11, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York